## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIA SESSA, on behalf of herself and all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> LINEAR MOTORS, LLC d/b/a CURRY HYUNDAI SUBARU; HUDSON VALLEY FEDERAL CREDIT UNION; CULA, LLC; and TRANS UNION, LLC, <br><br> *Defendants.* | Case No: 19-cv-9914 (KMK) <br><br> **CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

<u>KENNETH M. KARAS, District Judge:</u>

The following Case Management Plan and Scheduling Order is adopted in accordance with Rules 16-26(f) of the Federal Rules of Civil Procedure. <u>This Case Management Plan and Scheduling Order applies only to the validity or non-validity of Plaintiff's individual claims as against Defendants. A further discovery schedule will be set for class certification, if necessary, following the Court's decision on summary judgment motions as to Plaintiff's individual claims</u>

1. This case <u>is</u> to be tried by a jury.

2. <u>Defendant Hudson Valley Federal Credit Union shall file its answer to Plaintiff's First Amended Complaint on or before March 6, 2020</u>.

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1), Fed. R. Civ. P., will be completed not later than <u>March 9</u>~~16~~, 2020 ~~[absent exceptional circumstances, within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f)]~~.

6. All *fact* discovery is to be completed no later than ~~November 20~~<u>June 26, 2020</u>. ~~[a period not to exceed 120 days unless the Court finds that the case presents unique complexities or other exceptional circumstances]~~.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties meet the fact discovery completion date in paragraph 6 above. ~~Class certification and underlying merits discovery are bifurcated, and discovery related to class certication shall proceed according to the following schedule~~ <u>Discovery shall proceed according to the following schedule:</u>

    a. Requests for production of documents to be served by <u>March ~~13~~20, 2020</u>.

    b. Interrogatories to be served by March ~~13~~20, 2020.
    c. Depositions to be completed by ~~August 28~~June 26, 2020.
    d. Requests to Admit to be served no later than ~~July 30~~May 26, 2020.
    e. ~~Plaintiff's motion for class certification due: September 28, 2020~~ Motions for summary judgment due by August 14, 2020.
    f. ~~Defendants' opposition to motion for class certification due: October 29, 2020~~ Opposition papers due by September 14, 2020.
    g. ~~Plaintiff's reply in support of motion for class certification due: November 20, 2020~~ Reply papers due by September 28, 2020.
    h. Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.
    i. There is no priority in deposition by reason of a party's status as plaintiff or defendant.
    j. Unless the parties agree or the Court so orders, non-party depositions shall follow initial party depositions.

8. All depositions are to be completed by ~~October 20~~June 26, 2020.

9. All *expert* disclosures, including reports, production of underlying documents, and depositions are to be completed by:

    a. Experts of Plaintiff ~~December 21~~July 1, 2020.

    b. Experts of Defendants ~~January 22, 2021~~July 31, 2020.

10. Motions: All motions and applications shall be governed by the Court's Individial Practices, including pre-motion conference requirements. Summary Judgment or other dispositive motions are due at the close of discovery. Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least two (2) weeks prior to this deadline.

11. All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.

12. Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge.

    The parties request ~~(do not request)~~ a settlement conference before a United States Magistrate Judge.

13. Counsel for the parties have discussed the use of the Court's Mediation Program.

    The parties ~~(request)~~ (do not request) that the case be referred to the Court's Mediation Program.

14. Counsel for the parties have discussed the use of a privately-retained mediator.

    The parties ~~(intend)~~ (currently do not intend) to use a privately-retained mediator.

15. The parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. If this action is to be tried before a jury, proposed voir dire, jury instructions, and a verdict form shall be

filed with the Joint Pretrial Order. Counsel are required to meet and confer on jury instructions and verdict form in an effort to make an agreed upon submission.

16. Parties have conferred and their present best estimate of the length of trial is <u>5 days</u>.

---

**TO BE COMPLETED BY THE COURT:**

15. [Other directions to the parties:]

There will be no extensions of the deadline for completion of discovery past the date discovery is scheduled to be completed in this Order without permission of the Court, nor should counsel assume that any extensions will be granted. Counsel may seek permission for extension of *interim* discovery deadlines from the magistrate judge to whom the case is referred. Counsel may seek permission for an extension of the deadline for completion of discovery past the date discovery is scheduled to be completed in this Order only after consenting to allowing the magistrate judge to handle the case for all purposes.

16. The next Case Management Conference is scheduled for <u>10/9/20, at 11:00</u>

The movant's pre-motion letter is due <u>~~October~~ 9/15/20</u>.

The non-movant's response is due <u>9/29/20</u>.

SO ORDERED.

DATED: <u>February 27</u>, 2020
White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE