**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GIA SESSA, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br> v.<br><br>LINEAR MOTORS, LLC d/b/a CURRY HYUNDAI SUBARU; HUDSON VALLEY FEDERAL CREDIT UNION; CREDIT UNION LEASING OF AMERICA; AND TRANS UNION, LLC,<br><br>     Defendants. | No. 7:19-cv-09914-KMK<br><br>**TRANS UNION LLC'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

Defendant Trans Union LLC ("Trans Union") hereby submits, pursuant to the Court's order dated November 13, 2024, its Supplemental Brief in Further Support of Its Motion for Summary Judgment.

## A. PROCEDURAL HISTORY.

Plaintiff alleges that Trans Union negligently and willfully violated a single provision of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (the "FCRA") and an analogous provision of New York Law, Gen. Bus. Law § 380-j(e) (NYFCRA), when it reported to her existing creditor that she owed a balloon payment on her auto lease. Trans Union previously sought, on July 1, 2021 (ECF 111), summary judgment on those claims because, with discovery on the merits of her individual claims closed, Plaintiff did not and could not meet her burden to establish with affirmative evidence that she can prevail on her claims. [1]

---

[1] Trans Union also filed its supporting memorandum (ECF 112), Local Rule 56.1 statement (ECF 113), and exhibits supporting that statement (ECF 114). Plaintiff filed on August 30, 2021, her response memorandum (ECF 123-19), Rule 56.1 counter-statement (ECF 126), and related declarations and exhibits (ECF 124, 125). Trans Union filed its reply memorandum on October 1, 2021. (*See* ECF 131.)

By that motion, Trans Union asserted several alternative arguments in support of dismissal of Plaintiff's claims. Only two of those arguments are currently relevant. One such argument was that the claims should be dismissed because Plaintiff had not alleged a cognizable inaccuracy because that inaccuracy was premised on Plaintiff's untested legal challenge to the interpretation of her contract with Hudson Valley Federal Credit Union ("Hudson Valley" or "HVFCU"), the auto-lease financing creditor which furnished the information to Trans Union (ECF 112 at 15-19.) Trans Union separately argued that, because Plaintiff never disputed the accuracy of the information with Trans Union, as expressly allowed under the FCRA, Trans Union had no notice that the information reported by Hudson Valley may have been inaccurate, and therefore any alleged inaccuracy was not the result of unreasonable procedures of Trans Union. Relatedly, Trans Union set forth in the Rule 56 motion the procedures it used to ensure that, absent a dispute from Plaintiff, it could reasonably rely on the data provided to it by Hudson Valley.

This Court issued its Opinion and Order on December 20, 2021, granting the motion for summary judgment (ECF 133; 576 F. Supp. 3d 1 (S.D.N.Y., December 20, 2021).) That order addressed the first argument referenced above, and held that an inaccuracy premised on a challenged legal interpretation, rather than a factual inaccuracy, cannot sustain Plaintiff's claims. 576 F. Supp. 3d at 13-14. Accordingly, the Court did not address Trans Union's alternative arguments for its motion for summary judgment.

Plaintiff filed a notice of appeal to the Second Circuit Court of Appeals, which was fully briefed by the parties. Trans Union's appellate brief made two arguments for affirmance by the Second Circuit. First, Trans Union urged affirmance of this Court's ruling, for the reasons set forth by this Court. (July 28, 2022 Appellee Trans Union LLC Br. ("Appellee Br."), *Sessa v.*

2

*Trans Union, LLC,* Case No. 22-87, at 26-51 (Dkt. 150).) Trans Union made a second, alternative argument for affirmance, premised on the argument first raised in this Court, that Trans Union was entitled to rely on the accuracy of the information furnished to it by Hudson Valley, in light of Plaintiff's failure to dispute that information with Trans Union and the procedures implemented by Trans Union to ensure its reasonable reliance on the data furnisher. (Appellee Br. at 52-58.) As part of that argument, Trans Union cited the Second Circuit decision in *Podell v. Citicorp Diners Club, Inc.*, 112 F. 3d 98 (2d Cir. 1997), which affirmed summary judgment in favor of a credit bureau (Trans Union) on the plaintiff's § 1681e(b) claim because the credit bureau could reasonably rely on information provided by the furnisher where plaintiff did not dispute that information with the bureau (Appellee Br. at 53-55.)

The appellate court issued its opinion on July 17, 2023, which vacated this Court's summary judgment ruling. *See* 74 F.4th 38 (2nd Cir. 2023). Relying on its decision in *Mader v. Experian Information Solutions, Inc.*, 56 4th 264 (2nd Cir. 2023), which was issued after this Court's ruling, the Second Circuit held that there was no threshold inquiry into whether a claimed error was factual or legal in nature. 74 F.3d at 43. Instead, the appellate court held, the initial question was whether the information in dispute was "objectively and readily verifiable." *Id*.

The Second Circuit did not address the merits of Trans Union's alternative argument, premised in part on the decision in *Podell v. Citicorp Diners Club*. However, the appellate court ended its opinion with the following instruction:

> Section 1681e(b) is violated only when a CRA has failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b); *see also Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 105 (2d Cir. 1997) (affirming grant of summary judgment in favor of a CRA on a section 1681e(b) claim

3

> where the CRA reported inaccurate information, but had followed reasonable procedures to assure accuracy). The District Court never addressed that question. We therefore remand to permit the District Court to conduct the analysis in the first instance.

74 F.4th at 44.

Following remand, this Court scheduled a status conference for November 13, 2024. (ECF 139.) At that status conference, the parties jointly proposed that this Court rule on the issue identified by the Second Circuit, and agreed to rely on the parties' prior briefing, as well as one supplemental brief from each party. Trans Union hereby submits its supplemental brief.

**B.    ARGUMENT**

Trans Union now urges anew that, because Plaintiff never notified Trans Union that she believed Hudson Valley incorrectly reported to Trans Union that she owed a balloon payment on her auto lease, Trans Union reasonably relied on the creditor to furnish accurate data. Therefore, Plaintiff's claims have no merit.[2]

> **1.    The material facts demonstrating Trans Union's reasonable reliance on the reliability of Hudson Valley are undisputed and were previously found by this Court.**

The relevant material facts are not in dispute. Hudson Valley began furnishing data regarding Plaintiff to Trans Union in 2018, expressly indicating that Plaintiff owed Hudson Valley a balloon payment at the expiration of her auto lease (the "Balloon Payment Information"). (Trans Union LLC's Rule 56.1 Statement of Facts ("SOF") ¶¶ 1-2, 7-8.) The Balloon Payment Information did not trigger the alerts Trans Union used or to screen for inaccurate credit data, so Trans Union loaded the Balloon Payment Information into its consumer

---

[2] As this Court previously noted: "Because the federal FCRA and the New York State Fair Credit Reporting Act ("NYFCRA") are worded so similarly, "the two statutes must be construed in the same way." *Scott v. Real Est. Fin. Grp.*, 183 F.3d 97, 100 (2d Cir. 1999)." Therefore, this Court reviewed the questions raised by the original Rule 56 motion "with reference to the federal FCRA," but noted that "identical outcomes are appropriate regarding Defendant's Motion with respect to analogous state law claims." *Sessa*, 576 F. Supp. 3d at 8 n.6.

reporting database. (SOF ¶ 84.) Critically, Plaintiff never informed Trans Union that she believed

the Balloon Payment Information was inaccurate until she filed this lawsuit. (SOF ¶¶ 6, 60-62.)

While the Balloon Payment Information was on Plaintiff's file, Trans Union only provided the

file to her existing creditor, JPMorgan Chase Bank, N.A. ("Chase"), which did not take adverse

action against Plaintiff. (SOF ¶¶ 50-54, 106.) As previously noted (ECF 131 at 3-4), Plaintiff did

not dispute any of these relevant facts.

Indeed, the Court made the corresponding factual findings as part of its previous order.

> Pursuant to the charge that a CRA use "reasonable procedures" to ensure accuracy, TransUnion will review a furnisher prior to accepting any information from that furnisher, a vetting process commonly referred to as "credentialing." (*See* Pl.'s 56.1 Counterstatement ¶ 68.) TransUnion's multi-faceted credentialing process includes but is not limited to reviewing the furnisher's reputation as well as the nature of the data to be furnished. (*See id.* ¶¶ 63–67.)
>
> If a furnisher passes the credentialing process, TransUnion also requires a furnisher to "contractually agree to, among other things, comply with all of the obligations imposed on that furnisher," including all applicable statutory and regulatory obligations under the FCRA, regulations promulgated thereunder, and equivalent state laws and regulations. (*Id.* ¶ 69.) Importantly, per the agreement, data are also supposed to be furnished in a particular way, namely an industry-wide format called "Metro2," (*id.* ¶ 74), which "allows a furnisher to report a balloon payment obligation for any type of account with a deferred payment obligation, including an auto lease," (*id.* ¶ 41).
>
> After TransUnion credentials and signs an agreement with a furnisher, it "conducts an onboarding process . . . with a furnisher to test and verify the integrity of the data the company intends to furnish." (Def.'s 56.1 ¶ 75.)[2] Once the data furnisher begins providing TransUnion with information, the company continues to monitor, screen, and validate the quality and integrity of data furnished, including using proprietary techniques and strategies. (*See id.* ¶¶ 76– 82.)
>
> \*    \*    \*    \*
>
> TransUnion credentialed HVFCU. (*See id.* ¶ 67 (citations omitted).) TransUnion then entered into an agreement with HVFCU in 2016. (*See id.* ¶ 70.) TransUnion entered into a second agreement with HVFCU in 2019. (*See id.*) Both the 2016 and 2019 Agreements to which HVFCU agreed contain an identical, specific clause: "all information furnished to [TransUnion by HVFCU] shall be complete and accurate." (*Id.* ¶ 72

(citations omitted).)  The Agreements also require HVFCU to furnish data in the industry-standard Metro2 format.  (*See id.* ¶ 74.)

\*    \*    \*    \*

Prior to the initiation of this suit, Plaintiff had "never spoken with anybody [representing TransUnion] about [her] Hudson Valley account."  (*Id.* ¶ 61 (citation omitted).)  According to Plaintiff, she instead "disputed the balloon payment information with her lessors multiple times." (*Id.* ¶ 60.)

576 F. Supp. 3d at 4-5.

### 2.    Those undisputed facts mandate dismissal of Plaintiff's claims.

Trans Union previously cited *Podell* and numerous appellate and district court decisions in support of the argument raised anew here. (ECF 112 at 21-26.) (As Trans Union explained by its reply memorandum, Plaintiff did not address *Podell* or the other decisions cited by Trans Union. (ECF 131 at 5.))

After this Court issued its Rule 56 order, yet another court in this District granted summary judgment for a consumer reporting agency on a consumer's FCRA Section 1681e(b) claim because, notwithstanding its reporting of inaccurate information, the agency was not liable because it had followed reasonable procedures to ensure the accuracy of the information it reported. *See Tescher v. Experian Info. Sols., Inc.*, No. 21-CV-02266 (PMH), 2023 U.S. Dist. LEXIS 241044 (S.D.N.Y. Aug. 12, 2023). Notably, that ruling in *Tescher* was premised on facts mirroring the undisputed facts here. For example, like here, the plaintiff in *Tescher* did not notify the agency of the alleged inaccuracy. *Id*. at 16-20. Like Trans Union, the agency had "rigorous vetting processes" to ensure the furnisher reported accurate information, including detailed onboarding procedures, auditing the data provided by that furnisher, and contractually requiring the furnisher to comply with the FCRA and industry standards when furnishing data. Id. at 19-20. Also like the data at issue here, the reporting of the data at issue complied with the industry standards set forth in the Credit Reporting Resource Guide (also known as "Metro 2"). *Id*. at 17-

18. Accordingly, citing *Podell*, the court concluded that the agency was entitled to summary judgment because there was "no evidence in the record that [the agency] had any basis to believe that [the creditor-furnisher] was an unreliable reporter," and had no "notice that [the creditor-furnisher] was an unreliable reporter." *Id*. at * 20-21. This decision further supports summary judgment in favor of Trans Union here.

The Second Circuit's decision here reaffirmed the holding in *Podell*. Further, after the parties briefed in the Second Circuit the issue, the appellate court indicated that the decision in *Podell* may be dispositive here and directed this Court to consider that decision.

WHEREFORE, for the above reasons, Trans Union respectfully requests that this Court grant its motion for summary judgment.

Date: December 11, 2024

Respectfully submitted,

 */s/ Michael O'Neil*

Michael O'Neil (Pro Hac Vice)
Albert E. Hartmann (Pro Hac Vice)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
T: 312.207.1000
F: 312.207.6400
michael.oneil@reedsmith.com
ahartmann@reedsmith.com
*Counsel for Defendant Trans Union LLC*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on December 11, 2024, he caused the foregoing to be filed with the United States District Court for the Southern District of New York's Electronic Case Filing System. Pursuant to Federal Rule of Civil Procedure 5(b)(3), United States District Court for the Southern District of New York Local Rule 5.2, and United States District Court for the Southern District of New York Electronic Case Filing Rule & Instruction 9.1. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF-registered parties.  Parties may access this filing through the Court's CM/ECF system.

_/s/ Michael O'Neil_

Michael O'Neil (Pro Hac Vice)
Albert E. Hartmann (Pro Hac Vice)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
T: 312.207.1000
F: 312.207.6400
michael.oneil@reedsmith.com
ahartmann@reedsmith.com

*Counsel for Defendant Trans Union LLC*